Judge Owsley
delivered the opinion.
This was an action brought by Emerine in the circuit court, upon the covenant of Burton and Jarman to pay him eighty dollars and eighty cents, in good notes, on men in the county of Madison, against the 19th of January, 1820.
Burton and Jarman appeared in court and offered to file the following plea, viz: “The defendants come and defend “the, &c. upon, ⅜¾. and say actio non, because they say “the note upon which the plaintiff has instituted bis suit “against them, was given in consideration and to secure “the payment of $ then and there loaned and advanced to said defendants, to be bet or staked upon a certain “game called a game of cards, in which said defendants “then were engaged, and this they, the said defendants, “are ready to verify, ⅜⅝.”
The filing of this plea was objected to by the counsel of Emerine, on the ground of its not being verified by oath, and the court sustained the objection, and excluded the plea.
We are of opinion the objection was improperly sustained. The plea, we suppose, contains substantially ev ery necessary allegation to shew the invalidity of the writing upon which the suit is founded, under the law concerning gaming; and we know of no law that requires such a plea to be verified by oath. There is an act of this com* *500 writing, and, consequently, does not come within try. of 1801, 2 Littell, 440, which precludes a defendant ^rom denying the execution of any writing upon Which the suit is founded, unless it be done by plea, supported by the affidavit of the party pleading; but the plea which was tendered in this case, contains no denial of the execution of the the influence of the act alluded to.
The act of rf!|4' peachmentof the ation, hut re-jvit^coo-fi' <d top eas givi n b> that does not es> tend topless given before that act.
There is also contained in the session acts of 1814, page 397, a provision which requires, in a described class of cases, special pleas, impeaching or going into the consideration of writings to be supported by the affidavit of the party pleading, and it is presumed that it was under that act the court sustained the objection taken to the plea of the defendants. By adverting to that provision of the act, however, it will be apparent tha» it does not apply to such a plea as the one under consideration. The provision contained in that act declares, “that when any defendant or defendants, in any action founded on any specialty or note in writing, shall, by special plea, impeach, or go into the consideration of any such instrument, under the act of assembly, entitled “an act to amend an act entitled an act to reduce into one the several acts for preventing vexatious suits, and regulating proceedings in civil cases,” approved the 8th day of December, in the-year one thousand eight hundred and one, he shall support such plea by affidavit, stating therein, that the facts therein contained are true, as far as detailed as such from his own knowledge, and that be believes them to be so, as far as detailed as such, from the information of others.”
Were the facts contained in the plea in question such as could only be pleaded under the act of 1801, we should ad**,al 0US*11 t0 have ^een supPorte(l by an affidavit, But the facts contained in the plea are evidently of a cha-which, without the aid of the act of ISil, would j,ave |onl)eij an available defence to the action of Emetine. These facts, if true, shew that the writing on which the action is founded, is void under the law concerning gaming; an($ wherever a writing is declared void by a statute, it was always admissible for a defendant in an action founded on such writing to avoid it by plea. The plea in question, therefore, is not a plea impeaching or going into the consideration of the writing upon which Emerine’s suit is founded under the act of J8MI, and as it is only such pleas as a»» allowed by the act of 1801, that are required by the *501 provision of the act of 1814 to be supported by affidavit, there can have been no necessity for such an affidavit from Burton and Jarman.
The judgment of the court against Burton and Jarman must, therefore, be reversed with cost, the cause remanded to the court below, and permission given them there to file the plea, and such other and further proceedings there had, as may not be inconsistent with this opinion.